IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| EDDIE LYNN VINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-207 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Eddie Lynn Vinson ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

**I.     BACKGROUND**

At the time of the hearing on June 10, 2013, Plaintiff was a forty-two year-old male who completed some postsecondary education and previously worked as a carpenter and carpenter supervisor. R. at 33, 50, 58. Plaintiff protectively applied for DIB on December 21, 2011, alleging a disability onset date of October 22, 2011. Tr. ("R."), pp.164-67. The

Social Security Administration denied Plaintiff's applications initially, R. at 108-127, and on reconsideration, R. at 135-138. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. at 139, and the ALJ held a hearing on June 10, 2013, R. at 48-83. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and William Stewart, a Vocational Expert ("VE"). Id. On August 8, 2013, the ALJ issued an unfavorable decision. R. at 19-35.

Applying the five-step sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of October 22, 2011 through his date last insured of December 31, 2012 (20 C.F.R. §§ 404.1571 *et seq.*).

2. Through the date last insured, claim had the following severe impairments: insulin-dependent diabetes mellitus, diabetic gastroparesis, lower extremity neuropathy, tobacco abuse, tetrahydrocannabinol (THC) abuse, crack cocaine abuse, opioid addiction, obesity and history of alcohol abuse with ongoing consumption(20 C.F.R. §§ 404.1520(c)).

3. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

4. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functioning capacity ("RFC") to perform light work[1] as defined in 20 C.F.R. §§ 404.1567(b). The

---

[1] "Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are

     claimant is capable of performing a wide range of light work with the ability to occasionally lift and or carry up to 20 pounds as defined in the Dictionary of Occupational Titles ('DOT") and the regulations, as well as, lift/carry 10 pounds frequently. This includes sedentary work as defined in DOT and regulations. He has no limits for sitting in an eight-hour workday. Secondary to diabetic neuropathy, he is capable of standing and/or walking for up to 4 hours in an eight-hour workday. In the course of work, he should be allowed the ability to optionally alternate between sitting and standing, but such would not cause him to be off-task. He is able to perform no crawling, no kneeling, no crouching and no climbing of ladders/ropes/scaffolds. In the course of work, the claimant is to have no exposure to extremes of hot, humidity, or cold temperatures. Secondary to the mild depression and despite his longstanding drug and alcohol abuses, he retains the capacity to understand, remember, and carry out at least SVP 3-4 instructions and perform SVP 3-4 tasks as consistent with semi-skilled work. The claimant is able to perform sustained work activity on a regular and continuous basis for eight hours per days, forty hours per week (20 C.F.R. §§ 404.1565).

5. Considering the claimant's age, education, work experience, and residual functioning capacity, the claimant had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR §§ 404.1569, 404.1569(a), 404.1568(d)).

R. at 21-36.

When the Appeals Council denied Plaintiff's request for review, R. at 1-3, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal of the adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ erred in acting as both physician and judge and in discrediting the opinion of Plaintiff's treating physician. (<u>See generally</u> doc. no. 13 ("Pl.'s Br.").) The

---

additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

3

Commissioner maintains that the decision to deny Plaintiff's application is supported by substantial evidence and should therefore be affirmed. (See doc. no. 14 ("Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the

claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. The ALJ's Finding That Plaintiff was not Fully Credible is Supported by Substantial Evidence.

Plaintiff argues the ALJ improperly acted as both physician and judge by allowing her personal views on the use or abuse of tobacco, marijuana, and other substances negate Plaintiff's impairments. (Pl.'s Br., p. 9.) Plaintiff also argues the ALJ erred in using her personal observations of Plaintiff at the hearing to conclude that he was high on THC and/or opioids. (Id. at 11.) These arguments challenge the ALJ's findings that Plaintiff's subjective complaints of limitations associated with his medical condition are exaggerated and not credible.

5

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer, 395 F.3d at 1210-11 (internal quotation marks and citations omitted).

Here, the ALJ's decision largely rested upon a credibility determination on the limitations imposed by Plaintiff's diabetes, gastroparesis, and neuropathy. R. at 29. Plaintiff

testified he could not work due to foot pain caused by a diabetic ulcer and prior skin grafts, he had high blood sugar and vomited five to ten times per day, and he had pain in his abdomen and legs. R. at 25. Plaintiff further testified that the pain caused problems with his concentration, he had problems sitting for long periods of time and needed to lie down during the day, his gastroparesis led to problems with food consumption and weight loss, and he could not lift a gallon of milk due to grip problems and shaking in his hands. R. at 25.

The ALJ found him largely not credible based on the lack of objective findings to support his disabling symptoms, his substance abuse, and drug-seeking behavior at hospitals. R. at 29. Regarding the lack of objective findings, the ALJ found that CT and X-ray imaging did not support the claimant's alleged functional ability, specifically an X-ray image on June 6, 2012 that found non-specific bowel gas patterns with no acute findings. R. at 27, 29. The ALJ further noted that none of his regular hospital visits resulted in extended admissions, and he was usually discharged the same day. R. at 29. Finally, the ALJ found that the majority of his treatment notes showed he responded well to treatment with insulin and oral pain medication, and Dr. Taylor's objective findings on examination were largely normal. R. at 29, 32.

The finding that Plaintiff would regularly visit hospitals seeking morphine and other intravenous pain medications is also amply supported by the record. One instance cited by the ALJ involves Plaintiff threatening to make up a story about hitting his head so that he could "get some IV Dilaudid." R. at 28, 1720, 1723. This threat was made after Plaintiff had already received oral pain medication. R. at 1723. Additionally, there are three other

7

instances in the record of Plaintiff visiting the emergency room at McDuffie Regional Hospital and pleading for morphine. R. at 403 ,475, 548. Another record from the same hospital noted that he was often there requesting pain medication but refused to follow up with his primary care physician. R. at 1636.

Plaintiff's drug abuse and behavior documented above certainly provided a strong basis for the ALJ to find Plaintiff not fully credible with regard to his subjective complaints. At first glance, his medical record appears to be based upon his treatment for gastroparesis. However, when delved into further, his regular visits to the emergency room appear to be an ongoing quest for morphine and other powerful intravenous pain medications. This certainly undermines Plaintiff's allegations of ongoing disabling symptoms from diabetes. In addition, the medical record is also inconsistent with Plaintiff's hearing testimony regarding his substance abuse. Although Plaintiff admitted to regularly using marijuana, he testified that he last consumed alcohol eight years ago and last used crack cocaine twenty years ago. R. at 65, 66. However, records from University Hospital McDuffie show Plaintiff admitted to ongoing use of crack on November 14, 2012. R. at 1636. Another record from University Hospital McDuffie shows Plaintiff admitting to using alcohol two to three times per week on June 16, 2013. R. at 1865. This, in combination with the lack of objective findings supporting Plaintiff's claims, demonstrate that the ALJ's credibility determination was supported by substantial evidence.

Plaintiff, citing a concurring opinion in an Eleventh Circuit case, argues that it was error for the ALJ to act as both physician and judge in using Plaintiff's substance abuse to

negate his impairments. (Pl.'s Br., p. 10.) In addition to not being controlling, the opinion is not applicable because it involved the ALJ discrediting a physician's diagnosis that the plaintiff had a seizure disorder. See Marbury v. Sullivan, 957 F.2d 837, 840 (11th Cir. 1992). Here, the ALJ did not discredit Plaintiff's diagnoses of diabetes, gastroparesis, and neuropathy but simply did not fully credit Plaintiff's testimony as to the disabling symptoms caused by these conditions. Furthermore, the record supports the ALJ's assertions that Plaintiff's non-compliance with his medications did not aid his condition. R. at 551.

Although the ALJ may have erred in accusing Plaintiff of being high at the hearing, it was harmless. Harmless error will apply if there is sufficient evidence to support an adverse credibility determination independent of the ALJ's observations of Plaintiff at the hearing. Wilson v. Comm'r of Soc. Sec., 500 F. App'x 857, 860 (11th Cir. 2012) (applying harmless error doctrine to a credibility determination in an ALJ's decision on SSI benefits). As discussed above, there was ample evidence in the record for the ALJ to discredit Plaintiff's testimony of completely disabling symptoms. Further, the ALJ is allowed to consider a claimant's appearance and behavior at the hearing. Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987). Certainly, the ALJ's observations that Plaintiff did not appear to be in pain, answered questions appropriately, ambulated without an assistive device, and even appeared to sleep towards the end of the hearing were all relevant to the ALJ's inquiry. Although the ALJ could have been incorrect in her assessment that Plaintiff was high, this is no way taints the evidence cited above showing Plaintiff has an ongoing substance abuse problem and a history of misrepresenting his medical condition to get what he wants. Thus, the ALJ's

credibility determination, excluding the statement as to Plaintiff's sobriety at the hearing, is supported by substantial evidence.

### B. The ALJ Properly Discredited the Opinion of Plaintiff's Treating Physician, Dr. Mark Taylor.

Plaintiff also argues that the ALJ improperly discredited the opinion of Plaintiff's treating physician, Dr. Mark Taylor. (Pl.'s Br., pp. 12-14.) Plaintiff argues that the opinion was improperly discredited because it was made for his third disability application and based on Plaintiff's subjective complaints. (Id. at 13-14.)

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (ruling that the ALJ must accord substantial or considerable weight to the opinion of a treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (same).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). A treating physician's opinion may be properly discounted if (1) it is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion

was conclusory or inconsistent with the doctor's own medical records. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding her daily activities).

> Dr. Taylor's opinion in full reads:
>
> He has been a patient here for several years. His overall health is rather poor, complicated by uncontrolled insulin-dependent diabetes with severe peripheral neuropathy and diabetic gastroparesis. He also has evidence of significant liver damage, ascites and depression. He has had multiple episodes of syncope/loss of consciousness (passes out) in recent years. In my opinion, these conditions make him unfit to maintain meaningful employment, with little likelihood of significant improvement. As such, in my opinion [he] is totally and permanently disabled.

R. at 460. The ALJ gave the opinion little weight because it was inconsistent with Dr. Taylor's own treatment notes, based on Plaintiff's subjective complaints, and grounded in incomplete evidence. R. at 32.

Dr. Taylor's notes in his last visit with Plaintiff on January 6, 2012 show largely unremarkable objective findings. R. at 414-415. Dr. Taylor found Plaintiff had a normal heart rate and rhythm, clear lungs, normal range of motion in his extremities, and trace pedal edema. R. at 14. Plaintiff's abdomen was obsese, nontender, distended, and nontympanic. R. at 414. The diabetic foot exam revealed a normal left foot and a skin breakdown on a sore of the right big toe that was nearly resolved. R. at 414. In his assessment, Dr. Taylor noted Plaintiff's diabetes was greatly improved, with a gastroparesis flare-up, but he was stable otherwise. R. at 415. In contrast to the objective exam, Plaintiff's subjective complaints

involved daily vomiting over the past month, weight loss, and feet that were symptomatic with neuropathy. R. at 414. Dr. Taylor also noted that Plaintiff's compliance with medication had been fair. R. at 414.

First, Dr. Taylor's opinion is largely conclusory because it simply lists Plaintiff's impairments and states that they make him unfit to maintain meaningful employment. Dr. Taylor gives no specific functional limitations resulting from Plaintiff's conditions and reaches a generalized conclusion of complete disability that is normally reserved to the Commissioner. Mansfield v. Astrue, 395 F. App'x 528, 530 (11th Cir. 2010). Dr. Taylor's opinion that Plaintiff is permanently disabled due to his impairments is also inconsistent with the fairly normal physical exam documented above. Given the largely normal objective findings, it appears that Dr. Taylor's opinion of complete disability is based upon Plaintiff's subjective complaints related to his gastroparesis and neuropathy. See Crawford v. Comm'r Of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (discrediting treating physician's opinions where it was "based primarily on Crawford's subjective complaints of pain"). Dr. Taylor's citation of "severe peripheral neuropathy" is also somewhat undermined by his response to a questionnaire stating that Plaintiff had no neuropathy in his upper extremities and that he had 5/5 grip strength. R. at 468.

Finally, as noted by the ALJ, Dr. Taylor's opinion does not take into account Plaintiff's subsequent drug-seeking behavior. From March 12, 2012 to May 26, 2013, Plaintiff continually visited hospitals seeking intravenous pain medication despite a prescription from Dr. Taylor for Percocet. R. at 403 ,475, 548, 1720. Given that Dr.

Taylor's opinion is largely based on Plaintiff's subjective complaints without knowledge of subsequent events that call Plaintiff's credibility into question, the ALJ appropriately gave little weight to his opinion.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 12th day of January, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA